# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SHAUN M. WILLOUGHBY**
**United States Army, Appellant**

ARMY 20110100

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Colonel Randy T. Kirkvold, Staff Judge Advocate (pretrial)
Lieutenant Colonel Steven P. Haight, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

14 February 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of assault in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The convening authority approved appellant's request for deferment of automatic and adjudged forfeitures, as well as appellant's reduction in rank, until action. At action, the convening authority waived appellant's automatic forfeitures for a six-month period, with direction that they be used for the benefit of appellant's dependent son. However, the convening authority failed to disapprove the adjudged forfeitures, leaving no pay and allowances to waive for the benefit of appellant's son. In order to effectuate the clear intent of the convening authority, and in the interest of judicial economy, we set aside that portion of the sentence that includes forfeiture of all pay and allowances.

WILLOUGHBY—ARMY 20110100

On consideration of the entire record, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are AFFIRMED. Only so much of the approved sentence as provides for a bad-conduct discharge, confinement for one year, and reduction to the grade of E-1 is AFFIRMED. All rights, privileges, and property of which appellant was deprived by virtue of that portion of his sentence set aside by this decision are hereby ordered restored. *See* UCMJ arts. 58(b), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2